UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA MAYS,

     Plaintiff,                           Civil Action No. 19-CV-12231

vs.                                    HON. BERNARD A. FRIEDMAN

OLIVE GARDEN,

     Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT

       This matter is presently before the Court on plaintiff's motion to remand the case to state court [docket entry 3] and defendant's motion to compel arbitration and dismiss the complaint [docket entry 2]. Defendant has responded to plaintiff's motion to remand. Plaintiff has not responded to defendant's motion to compel arbitration and dismiss the complaint, and the time for her to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the motions without a hearing. For the reasons stated below, the Court shall deny plaintiff's motion to remand and shall grant defendant's motion to compel arbitration and dismiss the complaint.

### *Background*

       On July 5, 2019, plaintiff filed a one-page complaint in Oakland County Circuit Court, the entirety of which states:

     1.  In December 2016, Defendant Olive Garden[1] wrongfully terminated Plaintiff Mays[.]

---

[1] Defendant indicates that plaintiff "improperly named 'Olive Garden' as the Defendant in this matter" and that the proper defendant is "GMRI, Inc., which does business as 'Olive Garden' restaurants." Notice of Removal at 1 n.1. According to defendant, "GMRI is a subsidiary of Darden Restaurants, Inc." ("Darden"). Def.'s Br. at 1 n.1. Plaintiff does not

2. Defendant Olive Garden slanders Plaintiff Mays.
3. Plaintiff Mays loss [sic] wages due to being wrongfully terminated by Defendant Olive Garden.
4. Plaintiff Mays was discriminated by Defendant Olive Garden.
5. Defendant Olive Garden used Plaintiff Mays [sic] likeness for training meetings.
6. Defendant Olive Garden used Plaintiff Mays [sic] likeness to destroy her character.
7. Defendant Olive Garden defames Plaintiff Mays.

For relief, plaintiff seeks $20,000,000, plus interests and costs. She also "seeks to negotiate an amount for the use of likeness for the past and future training meetings." Compl. at 1.

On July 29, 2019, defendant removed the case based on diversity jurisdiction. Defendant indicates in the notice of removal that "there is complete diversity of citizenship" between the parties because plaintiff is a citizen of Michigan and defendant "is a corporation organized under the laws of the State of Florida and having its principle [sic] place of business in Orlando, Florida." Notice of Removal ¶ 3(a). Defendant also indicates that the amount in controversy, exclusive of interest and costs, exceeds $75,000. *Id.* ¶ 3(b). Attached to the notice of removal is the Declaration of Melissa Ingalsbe, the Director of Dispute Resolution and Human Resource Compliance for defendant's parent company. *Id.* Ex. B. Ingalsbe avers that defendant was incorporated under the laws of Florida and has its principal place of business in Florida. *Id.* Ex. B ¶¶ 5-6. She states that company records show that plaintiff was employed by defendant "at its Novi, Michigan Olive Garden Italian Restaurant." *Id.* Ex. B ¶ 8.

***Plaintiff's Motion to Remand***

Plaintiff argues that the case should be remanded to Oakland County Circuit Court because "[t]here is no question here that the Court lacks diversity jurisdiction over this case." Pl.'s Mot. at 3. Plaintiff argues that complete diversity between the parties does not exist

dispute this. *See* Pl.'s Mot. at 4. Therefore, any references to "defendant" in this opinion are to GMRI, Inc., which the parties agree is the proper defendant.

because plaintiff is a citizen of Michigan; defendant is a citizen of Michigan given that it "operates as a business in Oakland County, Michigan"; defendant's attorneys are citizens of Michigan because that is where they are licensed to practice; and Melissa Ingalsbe "is not relevant to this case in any matter" despite defendant's "attempt[] to distract the Court by wrongfully misrepresenting [her] as an important defendant to this case." *Id.* at 3-4. Defendant opposes plaintiff's motion and argues that removal was proper because the requirements of 28 U.S.C. § 1332(a) are met.

The diversity statute, 28 U.S.C. § 1332, provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States . . . .

\*\*\*

(c) For the purposes of this section and section 1441 of this title--

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .

The citizenship of an individual "is equated with domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) (internal citations omitted). "The party seeking removal bears the burden of establishing its right thereto." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted). It is therefore defendant's burden to show that the removal of this matter from state court was proper and that this Court may exercise subject matter jurisdiction.

In the present case, defendant has met this burden. The notice of removal states that plaintiff is a citizen of Michigan and that defendant is a citizen of Florida because that is its

state of incorporation and where it has its principal place of business. Plaintiff agrees that she is a citizen of Michigan, Pl.'s Mot. at 3, and Ingalsbe's declaration confirms that defendant is a citizen of Florida only. Although defendant operates a business in Michigan, this "does not destroy diversity jurisdiction unless plaintiff can show that the office there is the 'principal place of business' or 'the nerve center' of the company." *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 372 (6th Cir. 2014) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-95 (2010)). Plaintiff has not made this showing. Moreover, the citizenship of defendant's attorneys, and where they are licensed to practice, is irrelevant to the diversity jurisdiction analysis. Plaintiff's challenge to the removal fails because complete diversity exists between the parties and the amount in controversy exceeds $75,000. The Court shall therefore deny plaintiff's motion to remand the case to state court.

### *Defendant's Motion to Compel Arbitration and Dismiss the Complaint*

In its motion to compel arbitration and dismiss the complaint, defendant asks that the Court (1) compel plaintiff's compliance with its dispute resolution process ("DRP"), including arbitration of plaintiff's claims, and dismiss plaintiff's complaint; or (2) stay the case pending the completion of arbitration. Plaintiff has not responded to this motion. The Court finds that arbitration of plaintiff's claims is required,[2] and it shall therefore dismiss the complaint without prejudice.

---

[2] Defendant seeks relief under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and 9 U.S.C. § 4. Def.'s Br. at 1. Defendant indicates that its request that the Court compel arbitration is a factual challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Id.* at 8. In reviewing such a challenge, "[t]he Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction." *Multiband Corp. v. Block*, No. 11-15006, 2012 WL 1843261, at *5 (E.D. Mich. May 21, 2012) (citing *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)). "A plaintiff must demonstrate jurisdiction in order to survive the motion." *Id.* (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "manifests 'a liberal federal policy favoring arbitration agreements.'" *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Section 2 of the FAA "provides that a written agreement to arbitrate disputes arising out of a transaction in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Flint v. Bank of Am., N.A.*, No. 15-13006, 2016 WL 1444505, at *3 (E.D. Mich. Apr. 13, 2016) (quoting 9 U.S.C. § 2; citing *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)). "The Supreme Court has recognized that the FAA 'places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms.'" *Id.* (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). "[A]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Debro v. French*, No. 15-14225, 2017 WL 927622, at *3 (E.D. Mich. Feb. 16, 2017) (quoting *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003)), *R. & R. adopted*, No. 15-CV-14225, 2017 WL 914216 (E.D. Mich. Mar. 8, 2017).

"The Federal Arbitration Act requires a federal court to compel arbitration when a party to an arbitration agreement fails or refuses to comply with the provisions of an enforceable arbitration agreement." *Multiband Corp. v. Block*, No. 11-15006, 2012 WL 1843261, at *5 (E.D. Mich. May 21, 2012) (citing 9 U.S.C. § 4). This Court has explained that

> in the Sixth Circuit, to compel arbitration, "first, [the district court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citation omitted).

*Myers v. Darden Rest. Grp.*, No. 14-13316, 2015 WL 5693673, at *3 (E.D. Mich. Feb. 13, 2015)

(alteration in original).

Defendant argues that plaintiff agreed to arbitrate employment-related disputes when she submitted her online employment application on August 21, 2016, and by signing a document entitled "Dispute Resolution Process Acknowledgement" on August 31, 2016, "shortly after accepting employment with [defendant]." Def.'s Br. at 3-4. Plaintiff's employment application contains a provision stating:

> I understand that [defendant's parent company] Darden Companies, including Olive Garden . . . , ha[s] in place a Dispute Resolution Process (DRP), and I further acknowledge and agree that if I am offered and accept employment, any dispute between me and any of the Darden Companies relating to my employment and/or my separation from employment, shall be submitted within one (1) year of the day which I learned of the event and shall be resolved pursuant to the terms and conditions of the DRP.

Def.'s Mot. Ex. A-2 (PageID.90). Below this provision, plaintiff typed "Accept" next to "Statement Acceptance," and she typed "Yolanda Denise Mays" next to "Signature of Applicant (Please type name)." *Id.*

The "Dispute Resolution Process Acknowledgement" plaintiff signed ten days later states:

> This agreement contains the requirements, obligations, procedures and benefits of the Dispute Resolution Process (DRP). **I acknowledge that I have received and/or have had the opportunity to read this arbitration agreement. I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge or jury in court.** I agree as a condition of my employment, to submit any eligible disputes I may have to the DRP and to abide by the provisions outlined in the DRP. I understand this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the Company is equally bound to all of the provisions of the DRP.

Def.'s Mot. Ex. A-3 (PageID.94) (emphasis in original).

The DRP agreement, a copy of which is attached to defendant's motion, states that it is governed by the FAA, Def.'s Mot. Ex. A-1 (PageID.49), and that

> [t]he DRP, instead of court actions, is the sole means for resolving covered employment-related disputes. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator. This means DRP-eligible disputes will not be resolved by a judge or jury. Neither the Company nor the Employee may bring DRP-eligible disputes to court. The Company and the Employee waive all rights to bring a civil court action for these disputes.

*Id.* (PageID.51). Regarding arbitration, the DRP agreement specifies that

> [o]nly disputes which state a legal claim may be submitted to **Arbitration**, which is the fourth and final step of DRP. The arbitrator has the authority to dismiss disputes that do not state a legal claim. Examples of legal claims covered by DRP include but are not limited to: claims that arise under the Civil Rights Act of 1964, Americans With Disabilities Act, Fair Labor Standards Act, Age Discrimination in Employment Act, Family Medical Leave Act, Employee Retirement Income Security Act of 1974, as amended ("ERISA") (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by ERISA or funded by insurance), unfair competition, violation of trade secrets, any common law right or duty, or any federal state or local ordinance or statute.

*Id.* (emphasis in original). As for exceptions to the DRP, this process

> is **not** available to resolve disputes: related to Workers Compensation or Unemployment Insurance benefits; that are legally required by controlling federal law to be arbitrated or resolved under a different process; or regarding wage rates, wage scales or benefits, performance standards or ratings, work rules, food quality and service standards, or company policies and procedures, including whether to open or close operations; unless these disputes are brought pursuant to a specific federal or state statute, or other applicable legal standard.

*Id.* (emphasis in original). And arbitration "is **not** available to resolve disputes: that do not state a legal claim under applicable law; that by controlling federal law cannot be subjected to

mandatory arbitration; or that are legally required under controlling federal law to be arbitrated or resolved under a different process." *Id.* (PageID.52) (emphasis in original).

The Court finds that the first factor – whether the parties agreed to arbitrate – favors granting defendant's motion because the parties agreed to resolve all employment-related disputes by submitting them to arbitration. This Court has previously determined that an agreement to arbitrate existed where a plaintiff signed Darden's "DRP acknowledgement form agreeing to submit any eligible disputes to the DRP" because the elements of a valid contract under Michigan law[3] were met. *See Myers*, 2015 WL 5693673, at *3. The Court finds that a valid contract exists in this case, which also involves Darden's DRP and DRP acknowledgement form. The Court notes that the plaintiff in the present case indicated her agreement to the DRP not just through her handwritten signature on the DRP acknowledgement form, like the plaintiff in *Myers*, but also through her electronic signature on her employment application. That she signed these documents agreeing to arbitration is significant because "[u]nder normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration." *Johnson*

---

[3] "Under Michigan law, the elements of a valid contract are (1) parties competent to enter into a contract, (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." *Myers v. Darden Rest. Grp.*, No. 14-13316, 2015 WL 5693673, at *3 (E.D. Mich. Feb. 13, 2015) (citing *Thomas v. Leja*, 468 N.W.2d 58, 60 (Mich. Ct. App. 1991)). The Court concluded that these elements were satisfied because

> [t]he parties entered into a contract and the arbitration of employment matters for a restaurant employee is proper subject matter. The legal consideration was the exchange of wages for Plaintiff's work. The parties mutually agreed by signing and are mutually obligated to arbitrate claims such as the one before us.

*Id.* This analysis applies to the agreement between the parties in the instant case because they, too, signed an employment contract that provided for "the arbitration of employment matters for a restaurant employee."

*v. Stellar Recovery, Inc.*, No. 13-13829, 2014 WL 5705027, at *4 (E.D. Mich. Nov. 5, 2014) (internal quotation omitted). Plaintiff also agreed to arbitration as an employee of defendant because "[t]he manifestation of mutual assent may be made wholly or partly by . . . acts or conduct," and "Michigan courts have held that an offer, including an offer to arbitrate disputes, may be accepted through continued employment." *Debro*, 2017 WL 927622, at *3 (citing *Tillman v. Macy's, Inc.*, 735 F.3d 453, 460 (6th Cir. 2013)). Plaintiff provides no basis for finding that she did not agree to arbitration. She does not challenge the authenticity or validity of her employment application or DRP acknowledgement form. Nor does she challenge the validity of her signature on these two documents.

The scope of the DRP agreement is broad, given that it covers "employment-related disputes" and "legal claims" that arise under "any common law right or duty, or any federal state or local ordinance or statute." Def.'s Mot. Ex. A-1 (PageID.51). An exception exists for claims in which federal law provides that arbitration may not be required. *Id.* (PageID.52). In the present case, plaintiff's claims fall within the scope of the DRP agreement and not within any exception. Although plaintiff makes no reference to federal or state law in the complaint, her claims of wrongful termination and discrimination are "employment-related," and her remaining claims of slander, defamation, and possibly appropriation of likeness are legal in nature. To the extent plaintiff's claims are brought under Title VII, the Sixth Circuit has held that "[m]andatory arbitration agreements covering prospective Title VII claims are enforceable under the FAA." *Lee v. Red Lobster Inns of Am., Inc.*, 92 F. App'x 158, 161 (6th Cir. 2004); *see also Debro*, 2017 WL 927622, at *4 (concluding that "Title VII claims are subject to the FAA"); *see also Myers*, 2015 WL 5693673, at *3 ("There is nothing to indicate that Congress intended employment disputes brought under Title VII of the Civil Rights Act of 1964 to be

nonarbitrable."). Thus, plaintiff's Title VII claims, if any, would not fall under the exceptions listed in the DRP agreement. The Court recognizes the ambiguities in the complaint given that it contains no factual allegations and no references to legal authority, but as noted above, "any doubts regarding arbitrability should be resolved in favor of arbitration."[4] *Debro*, 2017 WL 927622, at *3. Further, at no point has plaintiff disputed defendant's assertion that her claims fall within the scope of the DRP.

Because all of plaintiff's claims fall within the scope of the DRP agreement and are therefore subject to arbitration, the Court shall compel arbitration and dismiss the case without prejudice. "Federal Courts of Appeal, including the Sixth Circuit . . . have authorized dismissal where all claims in an action are to be submitted to arbitration and where staying the action and retaining jurisdiction would serve no purpose." *Prude v. McBride Research Labs., Inc.*, No. 07-13472, 2008 WL 360636, at *7 (E.D. Mich. Feb. 8, 2008) (citing *Hensel v. Cargill, Inc.*, No. 99-3199, 1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999)); *Andrews*, 596 F. App'x at 372-73 (finding that the "district court correctly determined that the case should be dismissed rather than stayed pending arbitration" because "[a]ll of plaintiff's state-law claims . . . fall within the scope of the arbitration provision" and the law is that "where there is 'nothing for the

---

[4] As to the arbitrability of claims, the DRP agreement provides that "[o]nly disputes that state a legal claim will be arbitrated" and that

> [t]he arbitrator has the sole authority to determine whether a dispute is arbitrable and whether it has been timely filed and pursued. If the arbitrator finds that a dispute does not state a legal claim, has not been timely filed, or has not been timely pursued from one step of the DRP to the next, the arbitrator's decision is final and binding and the dispute is considered to be resolved.

Def.'s Mot. Ex. A-1 at 7-8 (PageID.56-57). In addition to the authority cited above instructing the Court to resolve ambiguities in favor of arbitration, this paragraph of the DRP agreement indicates that arbitration of plaintiff's claims is appropriate because the arbitrability of these claims is for the arbitrator to decide.

district court to do but execute the judgment,' dismissal is appropriate" (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945))). "Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *Debro*, 2017 WL 927622, at *4 (internal citation omitted). In the present case, issuing a stay "would serve no purpose" because all of plaintiff's claims are to go to arbitration. *Prude*, 2008 WL 360636, at *7. Accordingly, the Court shall dismiss plaintiff's claims without prejudice.

***Conclusion***

For the reasons stated above,

IT IS ORDERED that plaintiff's motion to remand the case to state court [docket entry 3] is denied.

IT IS FURTHER ORDERED that defendant's motion to compel arbitration and dismiss the complaint [docket entry 2] is granted because plaintiff's claims are subject to arbitration through the DRP agreement.

IT IS FURTHER ORDERED that this action is dismissed without prejudice.

s/Bernard A. Friedman
Dated: October 16, 2019                    Bernard A. Friedman
       Detroit, Michigan                    Senior United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 16, 2019.

Yolanda Mays
PO Box 23091
Lansing, MI 48909

s/Johnetta M. Curry-Williams
Case Manager